# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Case No. 13-253V
**Filed: July 9, 2015**

* * * * * * * * * * * * * *
WILLIAM RODRIGUEZ *and* BRENDA     *
RODRIGUEZ, *as the parents and natural*     *
*guardians of C.R., a minor*,     *     UNPUBLISHED
    *
         Petitioners,     *
    *
v.     *     Special Master Dorsey
    *
SECRETARY OF HEALTH     *     Interim Attorneys' Fees and Costs;
AND HUMAN SERVICES,     *     Reasonable Amount Requested to which
    *     Respondent does not Object.
         Respondent.     *
    *
* * * * * * * * * * * * * *

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioners.
Gordon E. Sheman, United States Department of Justice, Washington, DC, for respondent.

## INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On April 9, 2013, William Rodriguez and Brenda Rodriguez ("petitioners") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of their minor child C.R.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners allege that C.R. developed juvenile

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

dermatomyositis as a result of a diphtheria-tetanus-acellular-pertussis ("DTaP"), measles-mumps-rubella ("MMR"), Polio, and Varicella vaccinations he received on August 30, 2011.  See Petition at 1.  On July 3, 2013, respondent filed a Rule 4(c) Report recommending against compensation. The parties continue to litigate this case.

On July 8, 2015, the parties filed a stipulation concerning an award of interim attorneys' fees and costs.  The parties stipulate to a total award of interim attorneys' fees and costs in the amount of $50,560.50.  Stip. for Fees at ¶ 4. Under the circumstances in this case, respondent does not object to this amount. Id. at ¶ 5.

The Vaccine Act permits an award of interim attorneys' fees and costs. See Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also 42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioners' request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of interim attorneys' fees and costs.

Accordingly, an award should be made as follows:

**in the form of a check jointly payable to petitioners and to petitioners' attorney, Mark T. Sadaka, of Mark T. Sadaka, LLC, in the amount of $50,560.50.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

 IT IS SO ORDERED.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.